CROOKE & FOWKS *vs.* H. W. T. MALI, and H. MALI.

It is too late to raise, in the appellate court, an objection not made in the court below. The objection, if it in reality existed, might have been obviated if mentioned at the trial.

The appellate court will intend that every thing necessary to sustain the verdict was proved, unless the omission was taken advantage of by exception in the court below.

A promissory note, delivered to an insurance company for premiums in advance, given according to the provisions of the charter of the company, authorizing it to receive such notes, is an available security, and valid in the hands of the company.

And if such note be pledged by the company as security on an advance of money to its full amount, to the company, which advance it is unable to repay, the party to whom the note is so pledged may recover the amount thereof, in an action against the maker.

By a resolution of the board of trustees of an insurance company, their president was authorized to raise funds for the payment of the debts of the company, on the pledge of its assets. At that time the company held a promissory note for $3000, not yet due, and for which the makers, after the passage of the resolution, and at the request of the president, substituted *two other notes*, in the aggregate of equal amount. Subsequently, the president borrowed money on the note of the insurance company, pledging *one of these notes*, together with other assets of the company, as collateral security. The company failed, leaving the money so borrowed unpaid, and the lender brought a suit on the note so pledged. *Held*, that he was entitled to recover against the makers of that note, although it appeared on the trial that the balance of the account between themselves and the company, was in their favor, to an amount larger than the amount of the note in suit. *Held*, also, that if a resolution was required to render the pledge in this case valid, the substituted notes would seem to be as much within the resolution, as the original note, in whose place they were put.

Whether the general agency, belonging to the situation of president of such a company, would not extend to authorize the borrowing of money on a pledge of its securities, for the payment of its ordinary business debts? *Quære.*

THIS case came up on a writ of error to the superior court of the city of New-York. H. W. T. Mali, and Hippolyte Mali, the defendants in error and plaintiffs in the superior court, brought an action against R. L. Crooke and H. Fowks, defendants in that court and now plaintiffs in error, on a promissory note made by the latter, for $1500. The declaration stated that the defendants made the note payable to their own order,

that they indorsed the same to the Croton Insurance Company, and that the latter, before the note fell due, indorsed the same to the plaintiffs. The defendants pleaded the general issue, with notice that the note was given to the Croton Insurance Company in advance for premiums to be earned by said company; that the company failed to earn said premiums, and that the consideration of the note failed, of which the plaintiffs had notice when they received it; that they took the note as collateral security for moneys due them by the Croton Insurance Company; and that they would, on the trial, be required to prove the consideration given for the note, and the time when, and circumstances under which, they received the note.

On the trial the jury found a verdict for the plaintiffs for the full amount of the note. The plaintiffs proved on the trial that the defendants made the note; that the same was indorsed and delivered to the plaintiffs by the president of the Croton Insurance Company; also the amount due on the note; and the charter of the Croton Insurance Company—omitting, however, to prove any indorsement by Crooke & Fowks, to whose order the note was payable.

The defendants moved for a nonsuit, on the ground that the plaintiffs, in order to entitle themselves to recover, should show that the note was negotiated to them according to the authority given in the charter of the company, and for some purpose therein mentioned; which motion was denied, and the defendants' counsel excepted; taking no exception, however, to the plaintiffs' omission to prove any indorsement of the note by Crooke & Fowks. The counsel for the defendants then called as a witness, the former secretary, (*Nicholas Carroll*,) and the former president (*James G. Stacey*,) of the Croton Insurance Company, and proved by them that the company failed May 15, 1846; that the note in suit, bearing date February 7, 1846, for $1500, and payable six months after date, had been given by the defendants to the Croton Insurance Company, together with another note of the same date, and payable at the same time, but for the sum of $1501,20, in exchange for a note of $3001,20, bearing date February 7, 1846, and payable in twelve months,

Crooke *v.* Mali.

originally given by the defendants to the company, as a subscription note for premiums in advance; and that the substitution of the two notes took place about 1st March, 1846. It also appeared that the defendants had, with others, agreed to give certain notes for premiums in advance, in order to assist the company in paying their indebtedness, and to induce parties to effect insurance with the company, of which the note for $3001,20 was one, afterwards changed into two notes as above stated; and that by a resolution of the board of trustees, passed on or about the 27th February, 1846, the president had been authorized to raise funds for the payment of the debts of the company, on the pledge of the assets of the company. That the company, on 1st March, 1846, borrowed from the plaintiffs $3000, payable in 30 days, on their own note, giving at the same time the note in suit, and another note of one Silas Wood, for $1500, as collateral security. It further appeared that this was done in order to obtain money to pay losses then due by the company. The plaintiffs offered to surrender the note given by the company, and proved that it had not been paid, and that the company was insolvent.

It further appeared, that the defendants had given several notes to the company for premiums in advance, and that the balance of the account between themselves and the company was in their favor, to an amount larger than the amount of the note in suit. Also that one of the plaintiffs, as well as one of the defendants, had been a trustee of the Croton Insurance Company, at the time the note in suit was given and transferred.

The defendants' counsel contended, that the note in question had never been given, nor negotiated, within the charter of the company.

The judge charged the jury, that the note, taken under the circumstances described by the witnesses, was valid, and founded on good consideration; and if passed to the plaintiffs, under the circumstances stated by the president of the company, it was a valid and effectual negotiation of the note, within the provisions of the charter, to which charge the defendants' counsel excepted.

The case was submitted at the February general term, 1851,

without argument, upon the points prepared by the counsel for the respective parties.

*P. S. Crooke,* for the plaintiffs in error. 1. The authority of the Croton Insurance Company to "negotiate" notes given in anticipation of premiums, did not authorize the transfer of the note in question. The note never was indorsed by the payees, and was imperfect. The company did not "negotiate" this note; they negotiated a loan from the plaintiffs on their own note, giving the note in question as collateral security. 2. This note being above the value of $1000, its transfer was illegal, unless previously authorized by resolution of the board of directors. This note had no existence at the time when the resolution of the board of directors was passed, upon which the plaintiff relies to justify its transfer. The board could not authorize the transfer of that which they had not. 3. The resolution itself is invalid, for its generality. It should have specified the assets of which it authorized the transfer. It is also invalid, as it authorized an assignment of all the assets as security for the contemplated loan. It is also invalid, under section 9, art. 1, title 2, chap. 18, part 1, of the revised statutes. The exchange of Crooke & Fowk's note for $3000, for two of $1500 each, was made without the concurrence of the board of directors, and was, therefore, illegal and void. One of the plaintiffs was a director, and knew that the Croton Insurance Company was insolvent at the time of the loan made by the plaintiffs. The assignment of the note clearly shows that the insolvency of the Croton Insurance Company was contemplated by the parties. It would be of no effect, and of no benefit to the plaintiffs, unless the company became insolvent within thirty-three days, and was made with a view to the protection of the plaintiffs in that event. (1 *R. S. part* 1, *chap.* 18, *title* 4, *sec.* 4.)

*T. Sedgwick* and *Edward Sandford,* for the defendants in error. I. The note in question was a valid note, by force of the statute authorizing it to be taken, and a partial failure of consideration can not be set up to defeat a recovery of the full

Crooke *v.* Mali.

amount. (*Deraismes* v. *The Merchants' Mut. Ins. Company,* 1 *Comst.* 371. *Brouwer, receiver, &c.* v. *Crooke & Fowks, affirmed in court of appeals.*) (*a*)    II. The concurrence of others in giving similar notes for the purpose of giving a credit to the company, in pursuance of an agreement entered into by all the makers ; the contemplated advantages of insurance in such company, and the compensation authorized to be paid to the makers on such amount as the note should exceed the premiums on insurance actually taken, constitute a sufficient consideration to uphold the note. (*See cases under the first point. Brouwer, receiver, &c.* v: *Hill,* 1 *Sandf. Sup. Ct. Rep.* 629.)    III. The defendants in error are *bona fide* indorsees of the note in question.    IV. The omission of the indorsements on the note is a clerical error in engrossing the bill of exceptions.    This appears by the original note, which is herewith exhibited to the court as it was produced at the trial, with its indorsements, by which it will be seen that it was indorsed by Crooke & Fowks in blank. The declaration alledges the indorsement : it was made payable to the order of the drawers : it was not operative until indorsed by them. *Nicholas Carroll* (*former secretary of the Croton Insurance Company,*) proves its *execution,* which necessarily includes signing and indorsing.    He proved, also, the indorsement by *Stacey,* president of the Croton Insurance Co.    The proof is full that the note was indorsed to and was held by the Croton Insurance Co., and the *only point made at the trial* was, that the subsequent indorsement of the note by the company to the plaintiffs, was not proved to have been made in *conformity* with the charter of the company, and for the purpose therein stated.    The judge instructed the jury upon the only two points made ; 1. That the note *taken by the company,* under the circumstances stated, was valid, and founded on good consideration ; 2. That if the note passed to the plaintiffs, under the circumstances stated by the witness *Stacey,* it was a valid and effectual negotiation of the note, within the provisions of the company's

(*a*) This case is reported in 4 *Comst.* 51–55, under the title of *Brown* v. *Crooke.*

Crooke *v.* Mali.

charter. V. No objection having been taken to the want of proof of the indorsement by the makers, and it appearing by the bill of exceptions that the cause was tried on the assumption on the part of the defendants, that the Croton Insurance Company became, and were, the regular holders of the note in question, so far as it regards their formal title, the objection can not be taken on writ of error. Where the objection is one which the party may have it in his power to remove, the precise ground of the objection must be stated, that notice may be given to the court and the party. (*Dunham* v. *Simmons*, 3 *Hill*, 609. *Simpson* v. *Downing*, 23 *Wend.* 316, 318, 319. 2 *Cowen & Hill's Notes*, 787, 788, 790. 1 *Id.* 256, *note* 246. *Bernard* v. *Vignaud,* 10 *Mart. Lou. Rep.* 633, 637, 638.) VI. It having been decided by the court of appeals that notes similar to the note in question were valid in the hands of the company, it is not competent for the plaintiffs in error to raise the question whether the defendants in error acquired any sufficient title to the note in suit, by the transfer from the company. It was indorsed in blank by the plaintiffs in error, and the title to it, thereafter, passed by mere delivery. It was proved to have been delivered to the defendants in error. If they are not the legal holders, and entitled to the proceeds, they may sue upon it as trustees for the legal holder. Having possession of it by consent of the parties entitled to it, (if *they* be not so entitled) they are authorized to receive payment of it. (*Paley on Agency, Dunlap's ed.* 273, 274. *Whitlock* v. *Waltham,* 1 *Salk.* 157. *Owen* v. *Barrow,* 1 *B. & P. N. Rep.* (4 *Bos. & Pul.*) 101, 103. *Gage* v. *Kendall,* 15 *Wend.* 640. *Lovell* v. *Evertson,* 11 *John.* 52.) VII. If it be material in the case whether the passing of the note to the plaintiffs below, under the circumstances proved, constituted a valid and effectual negotiation of the note, within the provisions of the charter of the company, the charge of the judge was correct. The charter of the Croton Insurance Company (*Laws of* 1843, *p.* 56) embraces all the powers, privileges and restrictions granted and imposed upon the Atlantic Mutual Insurance Company. (*Laws of* 1842, *p.* 261.) This confers the general powers enumerated in title 3, chap. 18 of the first part of the revised

Crooke *v.* Mali.

statutes. By § 12 of the charter it is provided that the company may receive notes for premiums in advance, and may negotiate such notes for the purpose of paying claims, or *otherwise*, in the course of its business. The case shows that this note was negotiated to raise money to pay losses sustained by the company, on the 1st of March, 1846, and on the 8th of March the company paid Crooke & Fowks $2000 for a loss. The resolution of the board authorizing the president so to borrow money, was proved, Mr. Crooke being present. The $3000 note was divided for this purpose, both partners acting in the business. (*Angell & Ames on Corp.* 125, 2d ed.) VIII. The judgment of the superior court should be affirmed with costs.

*By the Court,* KING J. It is urged by the counsel for the plaintiffs in error, as a reason for reversing the judgment of the superior court, that it does not appear that the note in suit was ever indorsed by them. This objection seems to be too late: however, it was assumed on the trial, that the note was properly indorsed by the plaintiffs in error; and the only point raised, was as to the transfer of the note, by the Croton Insurance Company to the defendants in error. The objection, if it in reality existed, might have been obviated, if mentioned at the trial; and we must now intend, that every thing necessary to sustain the verdict was proved, unless the omission was taken advantage of by exception in the court below. (*Jenks* v. *Smith,* 1 *Comst. R.* 90. *Henry* v. *The Bank of Salina,* 1 *Id.* 83. *Holbrook and others* v. *Wight,* 24 *Wend. R.* 169.) A similar principle is applicable to the objections, which seem now to be raised for the first time, that the transfer of the note by the company to the defendants in error, was void, as made in contemplation of insolvency, and with intent to give a preference, contrary to 1 *R. S.* 3d ed. *p.* 722, § 9 ; *and p.* 734, § 4.

The only question raised in the court below, seems to have been this, that the note was not negotiated by the company according to the authority given to them in their charter, and for some purpose therein mentioned. It appears that the note was one for premiums in advance, given according to the provisions

Crooke *v.* Mali.

of the 12th section of the charter of the company, (*Laws of 1843, p.* 66 ; *and Laws of* 1842, *p.* 263;) that it was pledged as security on an advance of money to its full amount to the company, which advance the company is unable to repay. And the cases of *Deraismes* v. *The Merchant's Mutual Ins. Co.* (1 *Comst.* 371 ;) and of *Howland & Aspinwall* v. *Myer*, (3 *Id.* 590 ;) seem decisive of the right of the defendants in error to recover in this action.(*b*)

In the latter case no resolution of the board of trustees authorizing the transfer of the note in suit was shown, though it appeared that the by-laws authorized the president to transact all the ordinary business of the corporation. In the present case no by-law is shown, but it appears that there was a resolution of the board of trustees authorizing the pledge of its assets to raise money to pay its debts ; even if the general agency belonging to the situation of president of the company, would not extend to authorize the borrowing of money, on a pledge of its securities, for the payment of its ordinary business debts.

It is objected by the counsel for the plaintiff in error that the resolution of the board which was proved, did not authorize the transfer of the note in suit, as it did not then exist. It appears that on the 7th February, 1846, the plaintiffs in error gave their note to the company payable at 12 months, for $3001,20. That on the 27th February, 1846, the resolution authorizing the pledge of the assets of the company, was passed ; and that afterwards, the plaintiffs in error substituted two notes, one being the note in suit, in place of the original note for $3001,20. If a resolution was required to render the pledge, in this case, valid, the substituted notes would seem to be as much within the resolution as the original note, in whose place they were put.

The judgment of the superior court should be affirmed, with costs.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *King*, Justices.]

(*b*) See the case of *Brouwer, receiver of the Croton Insurance Co.* v. *Crooke & Fowks*, (4 *Comst.* 51 *to* 55 ;) reported under the title of "*Brown* v. *Crooke*," in which the principle of the case of *Deraismes* v. *The Merchant's Mutual Insurance Company*, (1 *Comst.* 371,) is re-affirmed.